Staunton.

## WASHINGTON COUNTY v. RYAN, COMMISSIONER.

September 11, 1916.

1. COUNTY OFFICERS—*Commissioners of Revenue—Compensation—Statutes.*—In construing a statute every word must be given its full effect if that can be done consistently, and no words be added. Applying this rule to the segregation statute (Acts 1915, p. 120) the commission on levies upon real and personal property allowed by the act to commissioners of the revenue is to be computed, not on the whole amount of such levies, but only on so much of said levies as the State had previously assessed over and above the local levies. In no other way can effect be given to the words "heretofore assessed for State purposes" contained in the statute.

Appeal from order of the Circuit Court of Washington county. Order in favor of plaintiff. Defendant appeals.

*Reversed.*

The opinion states the case.

*John W. Neal,* for the appellant.

*Hutton & Hutton* and *White, Penn & Penn,* for the appellee.

SIMS, J., delivered the opinion of the court.

This case involves the construction of sub-section 2-a of section 2 of what is generally known as the segregation act—Acts of Assembly 1915, pp. 120-121 —which, so far as applicable the case before us, is as follows:

54

"2-a. On the real and personal property . . taxes assessed or extended for local purposes and *heretofore assessed for State purposes*, the commissioner of the revenue shall be paid by the . . counties . . not less than the commissions now allowed by law for the assessment of State taxes."

This sub-section is a part of an act, the purpose and effect of which, as expressed therein, was to entirely surrender to the counties, cities and towns taxes on real estate and tangible personal property, on which taxes had been theretofore assessed for State purposes, as well as for local purposes; except that, for reasons stated in the preamble, it was provided that the State tax of 10 cents on the one hundred dollars of the assessed value of such property should be continued for the year 1915 and until otherwise changed by law; and certain taxes which had been theretofore extended and received by the counties, cities and towns were taken away from them by this act and given to the State.

It was the manifest purpose of this act that the counties, cities and towns should be given the power to increase their taxes (more accurately designated *levies* and evidently so meant in this statute) for local purposes, on real estate and tangible personal property, to recoup them for the taxes taken away from them as aforesaid. But, as under the provisions of section 509 of the Code, as amended, the compensation of commissioners of the revenue is fixed by the boards of supervisors of counties for extending all taxes for local purposes, on real estate and personal property, and as such commissioners would, after such act was passed, not receive from the State the commissions theretofore paid by it on such taxes, as the act no longer allowed same to be assessed as State taxes but sur-

rendered them to the counties, cities and towns for local purposes, it was manifest that commissioners of the revenue might receive less compensation for the performance of their duties under the segregation act than they received before that act was passed, unless there was some provision made saving to them the amount of their commissions which the State had theretofore paid them on the taxes theretofore assessed as State taxes, but now surrendered, as aforesaid, to the counties, cities and towns to be extended for local purposes. Hence, the enactment of said subsection 2-a.

Section 509 of the Code of Virginia, as amended, in so far as applicable to all counties of the State except Botetourt, is as follows:

"The commissioner shall extend, in his land book and book of personal property, the total of the county and district levies, or city levies, as the case may be, including the road and school levies, so as to show the aggregate amount of all such levies assessed against each person assessed with State taxes on said books. The commissioner of the revenue shall recapitulate the levies in such form as the Auditor shall prescribe; and for this additional service he shall receive such compensation as the board of supervisors, or council, as the case may be, may deem reasonable." Acts 1912, p. 212; Pollard's Biennial, 1912, p. 55.

Acting under this statute, the board of supervisors of Washington county fixed the compensation of J. A. P. Ryan for extending all levies, or taxes for local purposes, (county and district levies) prior to 1915, at $300 *per annum.*

Following the passage of the segregation act the board of supervisors of Washington county increased their normal levy of taxes for local purposes to the extent of

twenty-five cents on the one hundred dollars assessed value of real estate and tangible personal property, thereby increasing their levy of taxes for local purposes the exact amount which would, before the segregation act, have been assessed as State taxes, but was not so assessed after such act.

The commissions "allowed by law" for the assessment of State taxes on real estate and personal property at the time said segregation act was passed were $3\frac{1}{2}\%$ on the amount of taxes assessed by them within the preceding twelve months, up to $10,000; $2\frac{1}{2}\%$ on such taxes in excess of $10,000 up to $15,000, and $1\frac{1}{2}\%$ on such taxes in excess of $15,000.

When such board of supervisors came to fix the compensation of Commissioner of Revenue Ryan for 1915, they found that the amount of levies or taxes for local purposes in his district, without the addition of any taxes for local purposes which had theretofore been assessed as State taxes, was $38,919.63—which we shall hereinafter refer to as the *normal taxes for local purposes*. For extending these taxes they allowed said commissioner of the revenue the sum of $300, the same compensation he had been receiving before said act for such work. They also found that as a result of their increase of levy in 1915 of taxes for local purposes on real estate and tangible personal property in said district, such taxes for 1915, "heretofore assessed for State purposes," amounted to $5,693.10, and that $3\frac{1}{2}\%$ commissions on that amount was the sum of $199.26. They accordingly allowed said commissioner of the revenue such sum for extending such taxes for local purposes, in addition to said $300 for extending the normal taxes for local purposes.

From this action of the board of supervisors of Washington county said commissioner of revenue ap-

pealed to the circuit court of that county, claiming that the true construction of said sub-section 2-a is that it prohibited the said board of supervisors from fixing his compensation so as to pay him less than the commissions "allowed by law" for the assessment of State taxes, on the whole amount of taxes assessed in 1915 in his district for local purposes, on real estate and tangible personal property—that is to say, he claimed that under sub-section 2-a he was entitled, not only to commissions on the amount of taxes "heretofore assessed for State purposes," to-wit, on the amount of $5,693.10, but also to commissions on the amount of the *normal taxes for local purposes*, not "heretofore assessed for State purposes." This claim the circuit court sustained and entered judgment accordingly, which action is assigned here as error.

In the view we take of the case, we have, therefore, to determine only one question, namely:

(1) Which construction of the said statute, subsection 2-a, is correct, that of the board of supervisors, or that of the court below?

The rules applicable to the construction of statutes are so well settled in this State and so well understood that it is not believed that a rehearsal of them here with citation of the authorities would serve any good purpose. We will expressly refer only to one of such rules most in importance as applicable to the case before us, and that is the rule that in construing a statute every word must be given its full effect if that can be done consistently. 12 Ency. Dig. Va. & W. Va. Rep. p. 763.

We think that the construction placed upon the statute in question by the board of supervisors of Washington county is correct, and that the construction of it by the court below is wrong. We think the

error in the latter construction grew out of the failure to give effect to the words in the statute, "heretofore assessed for State purposes."

To adopt the construction of the said statute contended for by counsel for the commissioner of the revenue, Ryan, in their very able argument in their brief in this case, we must give it the meaning that under it commissioners of the revenue are entitled to the same "commissions now" (*i. e.* when the act was passed) "allowed by law for the assessment of State taxes . . . on the real estate and personal property . . taxes . . heretofore assessed for State purposes," *and also those heretofore assessed for local purposes,* That is to say, such construction would deprive the words "heretofore assessed for State purposes" of any restrictive meaning whatever. The statute would have the same meaning for which counsel contend without the words "heretofore assessed for State purposes" as with them. That is to say, the statute would read without such words:

"On the real estate and personal property . . taxes, assessed or extended for local purposes, . . the commissioners of the revenue shall be paid by the cities, counties or towns not less than the commissions now allowed by law for the assessment of State taxes," and would have the meaning for which counsel contend, and that given it by the judgment of the court below complained of. We readily see that under such a statute the commissioners of revenue would be entitled to the commissions "allowed by law" when the act was passed for the assessment of State taxes *on all taxes extended for local purposes* on the real estate and personal property. But, with the words "and heretofore assessed for State purposes" in the statute, we at once see that commissioners of revenue are

not entitled to such commissions *on all taxes for local purposes.* The taxes on which the statute provides such commissions shall be paid must also fulfill the designation or requirements of said restrictive words in the statute—*i. e.*, such taxes must have been "heretofore assessed for State purposes," and taxes "heretofore assessed" *for local purposes* are plainly excluded from those on which such statute provides that such commissions shall be paid. The *normal taxes for local purposes* did not fall into that catagory or fit in with such designation.

We are, therefore, of opinion to reverse the judgment complained of; and, as such opinion necessarily disposes of the case so that a new trial would not avail the appellee anything, this court will enter such order as the lower court should have entered.

*Reversed.*